**FILED**

**July 31, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 2:20 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| SHANNA PURKEY, | ) | Docket No.: 2017-03-0187 |
| Employee, | ) | |
| v. | ) | |
| MAC TRUCKING, | ) | State File No.: 83510-2014 |
| Employer, | ) | |
| And | ) | |
| PROTECTIVE INSURANCE, | ) | Judge Lisa A. Lowe |
| Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER
## DENYING SECOND OPINION

This matter came before the undersigned Workers' Compensation Judge for an Expedited Hearing on July 19, 2017. The central legal issues are whether Ms. Purkey is likely to prevail at a hearing on the merits as to whether the authorized treating physician referred her to another physician or recommended she obtain a second opinion. For the reasons set forth below, the Court finds the authorized treating physician did not make a referral and Ms. Purkey failed to carry her burden of establishing entitlement to a second opinion.

### History of Claim

Ms. Purkey worked as a package delivery driver for Mac, a FedEx independent contractor. While unloading a package on October 9, 2014, Ms. Purkey fell and injured her left hip and knee.

Mac offered a panel of physicians, from which Ms. Purkey selected Dr. Mark Thomas with Maryville Orthopaedic Clinic, who diagnosed "myofascial strain." During follow-up visits, Ms. Purkey saw Dr. Jay Winn. Dr. Winn provided conservative treatment including injections, restrictions, and physical therapy. Eventually, he ordered an MRI, which Dr. Winn interpreted as showing a possible "inflammatory type radiculopathy."

1

Later, Ms. Purkey underwent a Functional Capacity Evaluation (FCE). Dr. Winn noted the FCE showed some inconsistencies and lack of full effort, but he adopted the recommended permanent restrictions. Additionally, Dr. Winn noted:

> I think it is reasonable to request a second opinion, as I was unable to fully assess the cause of her pain. It is, once again, most likely some IT band and bursal issues; however, my treatment of those did not provide any relief of her symptoms. At this point, I will see her back on a[n] [as needed] basis. She is, from my standpoint, at maximum medical improvement.

Dr. Winn assigned Ms. Purkey a 1% permanent impairment rating to the body as a whole.

At the Expedited Hearing, Ms. Purkey asserted that although Dr. Winn's note references a second opinion, when the records are taken as a whole, it is really a referral because Dr. Winn noted he was unable to fully assess the cause of her pain. Additionally, Ms. Purkey argued that the workers' compensation adjuster previously agreed that she could have a second opinion with a physician from the original panel and under the doctrine of promissory estoppel she is entitled to enforcement of that agreement. Ms. Purkey introduced into evidence a June 16, 2016 letter from her attorney, Chris Beavers, to the adjuster stating, "My understanding is that Dr. Winn has recommended that my client have another opinion relative to her injury, and I would appreciate you providing us with a new panel or letting us choose from another doctor off the original panel in this case. I do not believe I have that panel in my possession." She also introduced into evidence the adjuster's email response that stated, "Enclosed is the original panel provided to Shanna Purkey."

Mac countered that she offered no evidence of an agreement because the adjuster was merely providing a copy of the panel, since Attorney Beavers said he did not have a copy in his file. It further argued promissory estoppel does not apply in workers' compensation cases because all workers' compensation agreements must be reduced to writing and be approved by a judge. Additionally, it averred Ms. Purkey is not entitled to a second opinion because Dr. Winn did not recommend surgery.

### Findings of Fact and Conclusions of Law

The following legal principles govern this case. Because this case is in a posture of an Expedited Hearing, Ms. Purkey need not prove every element of her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2016).

*Promissory Estoppel*

Ms. Purkey averred that the doctrine of promissory estoppel applies in this case; Mac argued it does not. However, the Court need not address this general question because the Court finds insufficient evidence to establish the existence of an agreement by the carrier to provide a second opinion.

Attorney Beavers' letter to the adjuster stated, "My understanding is that Dr. Winn has recommended that my client have another opinion relative to her injury, and I would appreciate you providing us with a new panel or letting us choose from another doctor off the original panel in this case. I do not believe I have that panel in my possession." The adjuster responded, "Enclosed is the original panel provided to Shanna Purkey." The adjuster's response did not document an agreement to provide a second opinion. As argued by Mac, the adjuster could have just been responding to the fact that Mr. Beavers said he did not have a copy of the panel. Therefore, the Court finds insufficient evidence that the carrier agreed to provide a second opinion. In the absence of an agreement, there can be no estoppel.

*Referral*

Ms. Purkey argued that the medical records support her contention that Dr. Winn actually made a referral rather than a second opinion. However, no medical proof supports that argument.

Dr. Winn specifically referenced a "second opinion." Ms. Purkey could have sought clarification from Dr. Winn as to whether he meant a referral or second opinion. Instead, Ms. Purkey asked this Court to substitute its medical judgment for the professional opinion of a qualified physician. This Court is not qualified to make such a determination and would be engaging in speculation. The Court is constrained to the record before it because "judges, like lawyers, are poorly positioned to formulate expert medical opinions." *Love v. Delta Faucet Co., et al.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 45, at *15-16 (Sept. 19, 2016); *and see Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8 (Aug. 18, 2015) ("Judges are not well-suited to second-guess a medical expert's treatment, recommendations, and/or diagnoses *absent some conflicting medical evidence or some other countervailing evidence properly admitted into the record.*") (emphasis added). The Court holds Ms. Purkey is not likely to prevail at a hearing on the merits that Dr. Winn meant a referral rather than a second opinion.

*Second Opinion*

Turning to the second opinion request, Tennessee Code Annotated section 50-6-

204(a)(3)(C) (2016)states:

> When the treating physician or chiropractor refers the injured employee, the employee shall be entitled to have a second opinion on the issue of surgery and diagnosis from a physician or chiropractor *from a panel of two (2) physicians practicing in the same specialty as the physician who recommended the surgery.*

(Emphasis added).

The Appeals Board interpreted the application of the second opinion statute in *Petty v. Convention Prod. Rigging,* 2016 TN Wrk. Comp. App. Bd. LEXIS 95, at *21 (Dec. 29, 2016), by stating:

> We find the final phrase of this sentence to be of particular significance in the context of this case. The phrase "as the physician who recommended the surgery" necessarily requires there to be an opinion of a specialist recommending surgery before an injured worker is entitled to a second opinion on the issue of surgery and diagnosis. Here, none of the authorized treating doctors recommended surgery. Accordingly, we find no merit in Employee's insistence that he is entitled to a second opinion on the issue of diagnosis.

In this case, Ms. Purkey introduced no evidence that any physician recommended surgery. Therefore, she is not likely to succeed at a hearing on the merits that she is entitled to a second opinion.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Purkey's claim against Mac Trucking and its workers' compensation carrier for the requested second opinion is denied.

2. This matter is set for a Scheduling Hearing on **September 21, 2017, at 1:30 p.m. Eastern Time. The parties must call 865-594-0109 or 855-383-0003 toll-free to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your participation.**

**ENTERED this the 31st day of July, 2017.**

_____
**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation Claims**

4

# APPENDIX

Exhibits:
1) Affidavit of Shanna Purkey
2) Medical Records of Dr. Mark Thomas and Dr. Jay Winn, Maryville Orthopedic Clinic
3) Medical Records of Outpatient Diagnostic Center of Knoxville
4) June 16, 2016 letter from Attorney Beavers to Adjuster
5) July 21, 2016 email exchange between Adjuster and Attorney Beavers
6) Panel of physicians signed July 21, 2016

Technical Record:
1) Petition for Benefit Determination
2) Dispute Certification Notice
3) Motion to Require Employer to Provide Medical Benefits and for Referral to Penalty Division for Failure to Provide Benefits
4) Response to Motion for Second Opinion/Request for Expedited Hearing
5) Plaintiff's Memorandum of Law in Support of Her Motion for Second Opinion/Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 31st day of July, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Chris W. Beavers, Esq., Employee's Attorney | | | X | chriswbeavers@yahoo.com |
| J. Allen Brown, Esq. Employer's Attorney | | | X | allen@jallenbrownpllc.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

5